UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ACUITY MUTUAL INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARRELL FRYE and LAFONNE FRYE )<br>d/b/a TRINITY LEARNING CENTER )<br>)<br>Defendants. ) | Case No. 1:09-cv-157<br>Judge Edgar |

## **MEMORANDUM AND ORDER**

The trial in this case is scheduled to commence on April 13, 2010. On March 19, 2010, plaintiff Acuity Mutual Insurance Company made a motion for relief from the scheduling order and for leave to amend its final witness list. [Doc. No. 102]. Plaintiff seeks to add two expert witnesses, Dennis Parrish and Mark Henry, to testify on the plaintiff's behalf at trial.

Defendants oppose the motion. [Doc. No. 130]. After reviewing the record, the Court concludes that the plaintiff's motion is **DENIED**. The motion is untimely and the plaintiff has not complied with Fed. R. Civ. P. 26(a)(2)(B).

The plaintiff's final witness list filed on September 18, 2009 [Doc. No. 24] does not identify or list Dennis Parrish and Mark Henry as witnesses. On November 12, 2009, Magistrate Judge Susan K. Lee ordered that the parties shall supplement their expert disclosures as to any additional experts by the deadline of January 30, 2010. [Doc. No. 38].

On January 28, 2010, the plaintiff mailed a supplemental expert disclosure to the defendants' counsel disclosing the names of Dennis Parrish and Mark Henry as expert witnesses. The plaintiff's

1

supplemental expert disclosure [Copy at Doc. No. 103-1] provides a summary of the background, experience, and qualifications of Dennis Parrish and Mark Henry, along with a general discussion of the subjects on which the plaintiff proposes to have them offer expert testimony. However, the plaintiff did not provide the defendants with written reports from these proposed expert witnesses as required by Fed. R. Civ. P. 26(a)(2)(B) by the deadline of January 30, 2010.

Fed. R. Civ. P. 26(a)(2)(B) provides that unless otherwise stipulated or ordered by the court, the disclosure of expert testimony must be accompanied by a written report prepared and signed by the expert witness. The written report must contain the following items: a complete statement of all expert opinions the witness will express and the basis and reasons for them; the data or other information considered by the witness in forming the expert opinions; any exhibits that will be used to summarize or support the opinions; the qualifications of the witness including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid to the expert for the study and testimony in the case.

A party is required to make these expert disclosures at the times and in the sequence that the court orders. Absent a stipulation or court order, the expert disclosures, including the expert's report, must be made to the opposing party at least 90 days prior to trial. Fed. R. Civ. P. 26(C).

On January 28, 2010, the plaintiff took the position that it had previously submitted two affidavits [Doc. Nos. 35, 44-1] from its employee, Dennis Parrish, and that the expert opinions of Dennis Parrish are allegedly set forth in his affidavits.[1] The Court finds that the affidavits of Dennis

---

[1] On March 4, 2010, plaintiff Acuity filed a third, supplemental affidavit of Dennis Parrish.

Parrish are insufficient to comply with Fed. R. Civ. P. 26(a)(2)(B). Plaintiff has not provided the defendants with a written expert report from Dennis Parrish containing all of the necessary information required by Rule 26(a)(2)(B). By merely relying on the affidavits of Dennis Parrish, the plaintiff has failed to make full and proper disclosure of expert testimony under Rule 26(a)(2)(B). Plaintiff does not have a satisfactory explanation for its failure to comply with Rule 26(a)(2)(B). It should have been a simple matter for plaintiff Acuity to obtain a Rule 26(a)(2)(B) expert report from its employee, Dennis Parrish.

Plaintiff asserts that Mark Henry is a CPA and an expert in the field of forensic accounting. Plaintiff has retained Mark Henry to review the defendants' personal and business financial records. The Court finds that the plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(B) by not providing the defendants with a written expert report from Mark Henry by the deadline of January 30, 2010. Plaintiffs explain that the reason it has not timely provided the defendants with a Rule 26(a)(2)(B) expert report from Mark Henry is that the plaintiff is still in the process of taking discovery. Plaintiff contends that the delay has been caused in large part by the defendants not producing their complete personal and business financial records for review by Mark Henry.

The plaintiffs' explanation is not persuasive. The Court has afforded plaintiff Acuity ample time to complete discovery and make its disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2). Plaintiff knew that January 30, 2010, was the deadline for the parties to supplement their expert disclosures as to any additional experts. Although the plaintiff disclosed the names of Dennis Parrish and Mark Henry to the defendants on or about January 28, the plaintiff did not comply with Rule 26(a)(2)(B). Plaintiff has not provided the defendants with the expert reports from Dennis Parrish and Mark Henry as required by Rule 26(a)(2)(B).

The trial in this case is scheduled to commence on April 13, 2010, and the time for the plaintiff to make disclosure of expert testimony under Rule 26(a)(2)(B) has expired. The Court cannot allow the plaintiff to add two additional expert witnesses, Dennis Parrish and Mark Henry, at this late date. There is not sufficient time remaining before the trial for the plaintiff to provide the required Rule 26(a)(2)(B) expert witness reports to the defendants, and for the defendants to have a fair opportunity to take the discovery depositions of Dennis Parrish and Mark Henry. Moreover, there is not enough time prior to trial for the defendants have a reasonable opportunity to make arrangements to retain their own expert witnesses to respond in opposition to any proposed expert testimony offered by Dennis Parrish and Mark Henry.

Accordingly, the plaintiff 's motion for relief from the scheduling order and for leave to amend its final witness list to add Dennis Parrish and Mark Henry as expert witnesses for trial [Doc. No. 102] is **DENIED**.

The Court will allow plaintiff Acuity to amend its final witness list and Fed. R. Civ. P. 26(a)(3) pretrial disclosures to add and include Dennis Parrish as a fact witness, but not as an expert witness, based on his previously filed affidavits. Plaintiff Acuity may call Dennis Parrish to testify at trial solely as a fact witness.

SO ORDERED.

ENTERED this the 30th day of March, 2010.

                                  */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE