UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ACUITY MUTUAL INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-157 |
| ) | Judge Edgar |
| DARRELL FRYE and LAFONNE FRYE ) | |
| d/b/a TRINITY LEARNING CENTER ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

On April 7, 2010, the defendants made a motion pursuant to Rules 30, 37, and 45 of the Federal Rules of Civil Procedure for the Court to: (1) hold the plaintiff in civil contempt with respect to alleged discovery violations; and (2) impose sanctions by precluding the plaintiff from introducing any evidence at trial and striking the plaintiff's complaint. [Doc. No. 169]. Plaintiff has responded in opposition and the defendants have replied. [Doc. Nos. 172, 174]

The Court heard oral argument on the motion on April 13, 2010, immediately prior to commencement of the trial. For the reasons expressed on the record at oral argument and for the reasons expressed in this memorandum and order, the defendants' motion is **DENIED**. Based on the facts and information submitted by the parties, the Court is not persuaded that the plaintiff should be held in civil contempt. Furthermore, the Court is not persuaded that it is necessary and appropriate to impose harsh sanctions by precluding the plaintiff from introducing any evidence at trial and striking the plaintiff's complaint.

The Court focuses its attention on the issues concerning the plaintiff's expert witnesses,

1

Kenneth Becker and James Enos. Plaintiff recently produced to the defendants a computer disc containing photographs and video of additional testing performed by Becker concerning a dimmer light switch. The issue regarding the late production of the computer disc is now moot. At oral argument on April 13, 2010, plaintiff's counsel advised the Court that the plaintiff will not introduce any evidence concerning Becker's additional testing on the dimmer light switch.

On March 16, 2010, the defendants took the deposition of the plaintiff's cause-and-origin fire expert, James Enos. Defendants subpoenaed Enos to produce a copy of his file and records for the deposition. On April 5, 2010, the defendants produced to the defendants a new video of a fire burn performed by Enos.

Defendants argue that the plaintiff's failure to produce the new fire burn test video in time for the deposition of Enos is prejudicial. Defendants say that their fire expert, Jerry Carter, did not have the benefit of viewing the same video before Carter gave his deposition. Carter has been unavailable to perform additional testing similar to that demonstrated on the video. Moreover, the defendants contend they have been deprived of the opportunity to question Enos about the new fire burn test video during his deposition on March 16.

In response, the plaintiff explains that the fire burn test and video were done after the depositions of Enos and Carter had already been taken. The video did not exist when the defendants took the deposition of Enos. The video was made by Enos to rebut Carter's expert opinion regarding the fire load. Once the video had been prepared by Enos, the plaintiff supplemented discovery by producing the video to the defendants as rebuttal expert evidence.

The Court concludes that the defendants' demand to exclude from evidence the new fire burn video prepared by expert witness Enos will be denied. The video has been prepared by Enos for the

2

purpose of rebutting Carter's expert opinion.

Accordingly, the defendants' motion pursuant to Fed. R. Civ. P. 30, 37, and 45 to hold the plaintiff in civil contempt and to impose sanctions [Doc. No. 169] is **DENIED**.

SO ORDERED.

ENTER this the 13th day of April, 2010.

                                     */s/ R. Allan Edgar*
                                     R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE