UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| ACUITY MUTUAL INSURANCE COMPANY | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff, | ) |   |
|   | ) |   |
| v. | ) | Case No. 1:09-cv-157 |
|   | ) | Judge Edgar |
| DARRELL FRYE and LAFONNE FRYE d/b/a TRINITY LEARNING CENTER | ) |   |
|   | ) |   |
| Defendants. | ) |   |

## MEMORANDUM AND ORDER

In their counterclaim, the defendants seek equitable reformation of the insurance contract (Policy L82005) due to a mutual mistake of the parties. After hearing the evidence at trial, the Court finds that the defendants have met their burden of proving by clear and convincing evidence that there is a mutual mistake and they are entitled to reformation of the insurance contract to add Lafonne Frye doing business as Trinity Learning Center as an additional named insured on Policy L82005 issued by plaintiff Acuity Mutual Insurance Company ("Acuity").

The Court finds that both Darrell Frye, the building owner, and Lafonne Frye doing business as Trinity Learning Center desired and intended to apply for and obtain a fire insurance policy from Acuity through Sunbelt Insurance Group, Inc. ("Sunbelt"). The defendants intended that Lafonne Frye doing business as Trinity Learning Center would be an additional named insured on the fire insurance policy along with insured Darrell Frye.

It appears to the Court that there was a mutual mistake here made by the parties when the insurance application was submitted. Lafonne Frye owns the daycare business. There is no question

1

about that. The policy provides business interruption coverage. Hence the only way that there could be business interruption coverage would be to have Lafonne Frye on the policy. There is no reason to believe that it would have made any difference to Acuity whether the daycare center was operated by Mr. or Mrs. Frye. It appears that Sunbelt made a mistake in taking Lafonne Fryes' name off the policy when Mr. Frye asked that it be put on the policy as the owner of the building. Darrell Frye never saw the application. It was prepared by Sunbelt from information that they had in their files. The application that Sunbelt prepared and submitted to Acuity should have said that there were two applicants, namely Darrell Frye as the building owner and Lafonne Frye doing business as Trinity Learning Center. Sunbelt mistakenly omitted Lafonne Frye doing business as Trinity Learning Center from the application as an additional applicant/insured. This omission is a mistake and it is contrary to the intent of Sunbelt, Darrell Frye, and Lafonne Frye.

At all times material to this case Sunbelt acted as the agent for Acuity. Acuity is responsible for the acts and mistakes of its agent, Sunbelt. Agent Sunbelt's knowledge that Lafonne Frye was doing business as Trinity Learning Center is imputed to Sunbelt's principal, Acuity. *Bland v. Allstate Ins. Co.*, 944 S.W. 2d 372,376 (Tenn. App. 1982); *Griffith Motors, Inc. v. Parker*, 633 S.W. 2d 319, 322 (Tenn. App. 1982).

The Court may grant the equitable reformation of the insurance contract (Policy L82005) based on Sunbelt's mistake. *Phillips v. North River Ins. Co.*, 14 Tenn. App. 356, 1931 WL 1606 (Tenn. App. 1932); 2 Couch on Insurance 3d. ed § 27.19, act of soliciting agent sufficient to justify reformation of insurance contract. Reformation of a contract is an equitable remedy applicable to insurance contracts where there is a mutual mistake of the parties. *Cincinnati Ins. Co. v. Post*, 747 S.W. 2d 777, 781 (Tenn. 1988); *E.K. Hardison Seed Co. v. Continental Cas. Co.*, 410 S.W. 2d 729

(Tenn. App. 1967); *Russell v. Security Ins.,Inc.,* 1999 WL 74787,*1 (Tenn. App. Feb. 18, 1999); *Phillips*, 14 Tenn. App. 356; 15 Tennessee Jurisprudence, Insurance, § 41, reformation or modification of insurance policy. Under Tennessee law an insurance contract may be reformed after the loss has actually occurred. *E.K. Hardison Seed*, 410 S.W. 2d at 732; *Phillips*, 14 Tenn. App. 356.

Defendants bear the burden of proving there grounds for equitable reformation and proving the mutual mistake by clear and convincing evidence. *Cincinnati Ins. Co.,* 747 S.W. 2d at 781; *E.K. Hardison Seed*, 410 S.W. 2d at 732; *Russell*, 1999 WL 74787, at *1. The Court finds that the defendants have met their burden of proof. Equity requires that he policy be reformed in this case.

Accordingly, the Court **GRANTS** the defendants' counterclaim for the equitable reformation and Policy L82005 issued by Acuity Mutual Insurance Company is hereby **REFORMED** to add Lafonne Frye doing business as Trinity Learning Center as an additional named insured.

SO ORDERED.

ENTER this the 16th day of April, 2010.

        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
   UNITED STATES DISTRICT JUDGE