UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ACUITY MUTUAL INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:09-cv-157 Judge Edgar |
| DARRELL FRYE and LAFONNE FRYE d/b/a TRINITY LEARNING CENTER | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On July 30, 2010, the Court entered a memorandum and order [Doc. No. 196] granting in part a motion by Darrell Frye and LaFonne Frye for a new trial on the issue of damages pursuant to Fed. R. Civ. P. 59(a)(1)(A). [Doc. No. 186]. The Court granted a new trial solely on the issue of determining the reasonable value of the fire loss and damage to the insured building owned by Darrell Frye.

After reviewing the evidence, this Court determined that the jury's verdict and award of $35,000 for damages to the building is unreasonable and against the clear weight of the evidence. The uncontroverted evidence at trial established that the loss and damage to the insured building exceeds the maximum coverage limit of $218,500 in the insurance policy. This Court found that a reasonable jury could not reach the verdict that the fire loss and damage to the insured building is an extremely low $35,000. The verdict of $35,000 is inadequate to compensate Darrell Frye because it is substantially less than the amount of damages that was unquestionably proved by the

1

undisputed evidence. This Court concluded that a new trial on the issue of damages to the building is appropriate because the jury's award of $35,000 bears no reasonable relation to the uncontroverted evidence. [Doc. No. 196, pp. 14-16]

Acuity Mutual Insurance Company ("Acuity") moves for reconsideration. After reviewing the record, the Court concludes that the motion for reconsideration [Doc. No. 198] shall be denied.

It is argued by Acuity that the jury's verdict and award of $35,000 in damages is reasonable. Acuity asserts there is nothing in the record showing that the jury did not act reasonably in using their common sense and everyday experience with people and events. Acuity argues that the jury was free to accept or reject the testimony of Darrell Frye and his witnesses concerning the estimates of the costs necessary to repair and renovate the fire-damaged building. Acuity points out that Darrell Frye was cross-examined on the issue of mitigation of damages, and there is evidence that he has experience remodeling buildings. Acuity contends the jury could have reasonably found that: (1) Darrell Frye failed to mitigate his damages by making repairs to the fire-damaged building; (2) the estimates for the cost of repairs and renovation to the building presented by Darrell Frye's witnesses were too high; and (3) Darrell Frye was capable of performing work himself to repair and renovate the fire-damaged building more cheaply compared to hiring other contractors.

These arguments by Acuity are not persuasive. Darrell Frye was cross-examined by Acuity concerning what efforts, if any, that he had taken to mitigate damage to the building, especially with regard to the hole in the roof, but this was a relatively minor issue at the trial. Acuity did not bother to request a jury instruction on mitigation of damages. This is no doubt because there was testimony at trial that Acuity's representative, Lisa White, warned Darrell Frye that if he attempted to make any repairs to the fire-damaged building while his insurance claim was being investigated

2

and reviewed by Acuity, he would do so at his own peril. Acuity does not dispute that this warning occurred. Based on the undisputed evidence, a reasonable jury could only find that Acuity actively discouraged Darrell Frye from making repairs to the building and mitigating his damages, especially with regard to repairing the hole in the area of the roof where the fire started.

Acuity contends the jury could have reasonably found that the estimates for the costs necessary to repair and renovate the building presented by Darrell Frye's witnesses were too high. This argument fails. The problem here for Acuity is that it did not dispute the accuracy and validity of the repair estimates presented by Darrell Frye's witnesses. During the trial, Acuity did not present any evidence or make any arguments that the repair estimates were inflated. Instead, Acuity concentrated its efforts on seeking to prove that Darrell Frye committed arson by intentionally setting fire to the building. In the absence of any evidence or arguments to the contrary from Acuity on this matter, a reasonable jury could only find that the undisputed estimates of the costs to repair and renovate the building presented by Darrell Frye's witnesses are accurate, fair, and reasonable. In other words, it would not be reasonable for the jury to reject or heavily discount the undisputed estimates.

Acuity contends it would have been reasonable for the jury to find that Darrell Frye was capable of performing work himself to repair and renovate the fire-damaged building more cheaply. This contention fails because the evidence shows that Darrell Frye has significant health problems and it is highly unlikely that he could have performed a significant amount of the extensive labor necessary to repair the entire building. For example, there is no evidence from which a reasonable jury could find that Darrell Frye had the relevant work experience and physical ability to make the necessary repairs to the roof of the building.

3

Accordingly, Acuity's motion for reconsideration [Doc. No. 198] is **DENIED**.

SO ORDERED.

ENTER this the 26th day of August, 2010.

　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE